



**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 14 2018

JAMES W. McCORMACK, CLERK
.By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**KRISTIE WEBER, Individually and on
Behalf of Others Similarly Situated**                    **PLAINTIFF**

vs.                          No. 3:18-cv-150-JM

**FOWLER FOODS, INC.,**                                **DEFENDANTS**
**SOUTHWEST ARKANSAS FOODS, INC.,**
**and CHRIS FOWLER**

## FIRST AMENDED AND SUBSTITUTED
## COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Kristie Weber, individually and on behalf of all

others similarly situated, by and through her attorneys Steve Rauls and Josh

Sanford of Sanford Law Firm, PLLC, and for her First Amended and Substituted

Complaint—Class and Collective Action against Defendants Fowler Foods, Inc.,

Southwest Arkansas Foods, Inc., and Chris Fowler ("Defendants"), does hereby

state and allege as follows:

I.

## PRELIMINARY STATEMENTS

1.      Plaintiff, individually and on behalf of all others similarly situated,

brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et*

*seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated

damages, prejudgment interest, civil penalties and costs, including reasonable

Page 1 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek.

2.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described *infra*.

3.      The purpose of this amended filing is to add Defendant Southwest Arkansas Foods, Inc., and to remove Defendant Wallace Fowler.

## II.

## JURISDICTION AND VENUE

4.      The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

7.      Defendants conduct business within the State of Arkansas, operating several fast food eating establishments.

8.      Defendants' principal place of business is within the Jonesboro Division of the Eastern District of Arkansas.

Page 2 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

9.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

III.

**THE PARTIES**

10.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11.     Plaintiff is a resident and citizen of Polk County.

12.     From approximately October of 2013 until June of 2016, Plaintiff was an hourly-paid employee at Defendants' eatery in Mena.

13.     From approximately July of 2016 until July of 2018, Plaintiff was a salaried "Assistant Manager" at Defendants' eatery in Mena.

14.     At all times material herein, Plaintiff and those similarly situated to Plaintiff have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

15.     Defendant Fowler Foods, Inc., is a for-profit Arkansas corporation, operating KFC, Taco Bell and other franchised restaurants in various states, including the States of Arkansas, Tennessee, Illinois, Missouri, Kentucky, Ohio, Alabama, Louisiana, Michigan and North Carolina.

16.     Defendant Fowler Foods, Inc.'s annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

Page 3 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

17.     During each of the three years preceding the filing of this Complaint, Defendant Fowler Foods, Inc., employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the fast food industry.

18.     Defendant Fowler Foods, Inc., has more than four employees.

19.     Defendant Fowler Foods, Inc., is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

20.     Defendant Fowler Foods, Inc.'s principal address is 139 Southwest Drive, Jonesboro, Arkansas 72401.

21.     Defendant Fowler Foods, Inc.'s registered agent for service of process in the State of Arkansas is Wallace Fowler, 139 Southwest Drive, Jonesboro, Arkansas 72401.

22.     Defendant Fowler Foods, Inc., controls the day-to-day operations of Southwest Arkansas Foods, Inc., such that it is liable to Plaintiff as an employer under the FLSA and the AMWA.

23.     Defendant Southwest Arkansas Foods, Inc., is a for-profit Arkansas corporation, which owns and operates franchised restaurants across Arkansas.

24.     Defendant Southwest Arkansas Foods, Inc.'s annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of

Page 4 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

25.    During each of the three years preceding the filing of this Complaint, Defendant Southwest Arkansas Foods, Inc., employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the fast food industry.

26.    Defendant Southwest Arkansas Foods, Inc., has more than four employees.

27.    Defendant Southwest Arkansas Foods, Inc., is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

28.    Defendant Southwest Arkansas Foods, Inc.'s principal address is 139 Southwest Drive, Jonesboro, Arkansas 72401.

29.    Defendant Southwest Arkansas Foods, Inc.'s registered agent for service of process in the State of Arkansas is Wallace Fowler, 139 Southwest Drive, Jonesboro, Arkansas 72401.

30.    Defendant Chris Fowler is the President of Fowler Foods, Inc. and Southwest Arkansas Foods, Inc., and is an individual who resides in the State of Arkansas.

**Page 5 of 25**
**Kristie Weber, et al. v. Fowler Foods, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM**
**First Amended and Substituted Complaint—Class and Collective Action**

31.    Defendant Chris Fowler controls the day-to-day operations of Fowler Foods, Inc., and Southwest Arkansas Foods, Inc., such that he is liable to Plaintiff as an employer under the FLSA and the AMWA.

32.    Defendant Chris Fowler established and maintained the policies at issue in this case.

33.    Defendant Chris Fowler was at all times relevant hereto Plaintiff's employer, as well as the employer of the members of the class and collective, and has been engaged in interstate commerce as that term is defined under the FLSA.

34.    Defendants acted jointly as the employer of Plaintiff and the proposed collective and class and are and have been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

35.    Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

36.    As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as single enterprise.

## IV.

## FACTUAL ALLEGATIONS

37.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

Page 6 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

38.    Defendants own and operate a KFC/Taco Bell restaurant in Mena.

39.    Upon information and belief, Defendants own and operate more than three fast food restaurants within Arkansas.

40.    Plaintiff's claims involve two categories of FLSA and AMWA violations by Defendants: 1) Defendants' requirement that hourly employees perform uncompensated ("off-the-clock") overtime work; and 2) as salaried employees, Plaintiff and those similarly situated have been misclassified by Defendants as exempt from the overtime requirements of the FLSA and the AMWA.

41.    During the period relevant to this lawsuit, Defendants classified Plaintiff and those similarly situated as hourly employees non-exempt from the overtime requirements of the FLSA and the AMWA.

42.    Plaintiff and other hourly employees worked more than forty (40) hours per week on a regular basis within the three years prior to the filing of Plaintiff's Complaint.

43.    When Plaintiff worked as an hourly-paid employee, Defendants automatically clocked out Plaintiff and other hourly-paid employees once the store had been closed to customers. However, Defendants did not allow Plaintiff and other hourly-paid employees to leave until the store had been fully cleaned and prepared for the next shift.

44.    As a direct result of Defendants' policies, even though Plaintiff and other hourly-paid employees worked more than forty (40) hours in many weeks

Page 7 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

that they worked for Defendants during time period relevant to this Complaint, they were not compensated for all of their overtime hours worked.

45.    During the period relevant to this lawsuit, Plaintiff was also a salaried Assistant Manager.

46.    As an Assistant Manager, Plaintiff was required to work an average of between fifty and seventy hours per week.

47.    During the period when Plaintiff held the title of Assistant Manager, Defendants classified her as overtime exempt and paid her for no more than forty (40) hours per week regardless of the number of hours she worked.

48.    As an Assistant Manager, Plaintiff had substantially the same duties as the hourly-paid employees with whom she worked.

49.    Plaintiff did not have the authority to discipline or fire other employees.

50.    Plaintiff's primary duty did not include the management of other employees.

51.    As an Assistant Manager, Plaintiff's primary duties were preparing food, serving customers and cleaning.

## V.

## REPRESENTATIVE ACTION ALLEGATIONS

### A.    FLSA § 216(b) Class

52.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

Page 8 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

53.    Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendants as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Minimum wages for the first forty (40) hours worked each week;

B.    Overtime premiums for all hours worked for Defendants in excess of forty (40) hours in any week; and

C.    Liquidated damages and attorney's fees.

54.    Plaintiff proposes two collective classes under the FLSA, which may be defined as follows:

A.    The Hourly FLSA Class consists of all persons who were, are, or will be employed by Defendants as hourly employees at any of Defendants' restaurants at any time within the applicable statute of limitations period.

B.    The Salaried FLSA Class consists of all persons who were, are or will be employed by Defendants as salaried Assistant Managers at any of Defendants' restaurants at any time within the applicable statute of limitations period.

55.    In conformity with the requirements of FLSA Section 16(b), Plaintiff will file her written Consent to Join this lawsuit.

56.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein

**Page 9 of 25**
**Kristie Weber, et al. v. Fowler Foods, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM**
**First Amended and Substituted Complaint—Class and Collective Action**

and continues forward through the date of judgment pursuant to 29 U.S.C. §
255(a), except as set forth herein below.

57.    The members of the proposed Hourly FLSA Class are similarly
situated in that they share these traits:

A.    They were classified by Defendants as non-exempt from the
minimum wage and overtime requirements of the FLSA;

B.    They were subject to Defendants' common policy requiring hourly
workers to reduce their recorded hours of work by working off the clock, such as
by clocking out and continuing to work at the end of the workday; and

C.    They were subject to Defendants' common policy of reducing the
recorded hours of work for hourly employees by modifying existing time clock
records.

58.    Plaintiff is unable to state the exact number of potential members of
the Hourly FLSA Class but believe that the class exceeds five hundred (500)
persons.

59.    Defendants can readily identify the members of the hourly Section
16(b) class, which encompasses all hourly employees of Defendants' restaurants
within the three-year period preceding the filing of Plaintiff's Original Complaint.

60.    The members of the proposed salaried Assistant Manager FLSA
Class are similarly situated in that they share these traits:

A.    They were classified by Defendants as exempt from the minimum
wage and overtime requirements of the FLSA;

B.    They shared the same job title;

Page 10 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

C.     They performed the same non-managerial duties; and

D.     They were subject to Defendants' common policy of denying overtime pay to salaried Assistant Managers.

61.    Plaintiff is unable to state the exact number of the potential members of the Salaried FLSA Class but believes that the class exceeds fifty (50) persons.

62.    Defendants can readily identify the members of the salaried Section 16(b) class, which encompasses all salaried employees having the title "Assistant Manager" or equivalent titles.

63.    The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## B.     AMWA Rule 23 Classes

64.    Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action.

65.    Plaintiff proposes to represent two class of persons, which are as follows:

A.     All persons who were, are, or will be employed by Defendants as similarly situated hourly-paid employees at Defendants' restaurants within

Page 11 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

Arkansas at any time within the applicable statute of limitations period (the "Hourly AMWA Class"); and

      B.    All persons who were, are, or will be employed by Defendant as similarly situated salaried Assistant Managers at Defendants' restaurants within Arkansas at any time within the applicable statute of limitations period (the "Salary AMWA Class").

      66.    Upon information and belief, Defendants have employed more than one hundred (100) hourly employees within Arkansas within the last three (3) years. Therefore, the proposed Hourly AMWA Class is so numerous that joinder of all members is impracticable.

      67.    Upon information and belief, Defendants have employed more than fifty (50) salaried Assistant Managers within Arkansas within the last three (3) years. Therefore, the proposed Salary AMWA Class is so numerous that joinder of all members is impracticable.

      68.    Common questions of law and fact relate to all of the proposed Hourly AMWA Class members, such as:

      A.    Whether Defendants had an unlawful policy requiring members of the proposed class to perform work before they clocked in or after they clocked out;

      B.    Whether Defendants had an unlawful policy of adjusting time clock records so as to reduce class members' hours worked;

      C.    Whether Defendants maintained accurate records of hours worked by members of the proposed class as required by the AMWA; and

**Page 12 of 25**
**Kristie Weber, et al. v. Fowler Foods, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM**
**First Amended and Substituted Complaint—Class and Collective Action**

D.      Whether Defendants paid the members of the proposed class one and one-half times their regular wages for hours worked over forty (40) in each week in accordance with the AMWA.

69.     Common questions of law and fact relate to all of the proposed Salary AMWA Class members, such as:

A.      Whether they were classified by Defendants as exempt from the minimum wage and overtime requirements of the FLSA;

B.      Whether they performed the same non-managerial duties; and

C.      Whether they were subject to Defendants' common policy of denying overtime pay to salaried Assistant Managers.

70.     The above common questions of law and fact for both classes predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of both AMWA Classes.

71.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.  To that end, all non-

Page 13 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

exempt employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate.  Ark. Code Ann. § 11-4-211.

72.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already in progress by any members of the proposed class concerning the allegations in this Complaint.

73.     Concentrating the litigation in this forum is highly desirable because Defendants have a significant presence in the Eastern District of Arkansas and because Plaintiff and all proposed Rule 23 class members work or worked within Arkansas.

74.     No difficulties are likely to be encountered in the management of this class action.

75.     Plaintiff's claim is typical of the claims of the proposed Hourly AMWA class in that Plaintiff worked as an hourly employee for Defendants and experienced the same violations of the AMWA that all other class members suffered.

76.     Plaintiff's claim is typical of the claims of the proposed Salary AMWA class in that Plaintiff worked as a salaried Assistant Manager and experienced the same violations of the AMWA that all other class members suffered.

77.     Plaintiff and her counsel will fairly and adequately protect the interests of the classes.

78.     Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and

Page 14 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

79.   Plaintiff has consented in writing to the association of additional counsel.

80.   Prosecution of separate actions by individual members of the proposed classes would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VI.

## FIRST CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

81.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

82.   Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

83.   At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

84.   At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

85.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked

**Page 15 of 25**
**Kristie Weber, et al. v. Fowler Foods, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM**
**First Amended and Substituted Complaint—Class and Collective Action**

over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

86.     During the period relevant to this lawsuit, Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

87.     During the period relevant to this lawsuit, Defendants also intentionally misclassified Plaintiff as exempt from the overtime requirements of the FLSA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

88.     Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

89.     Defendants' failure to properly pay overtime wages to Plaintiff stems from Defendants' acts of: 1) requiring off-the-clock work by Plaintiff in excess of forty (40) hours per week; and 2) classifying Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA.

90.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

91.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

**Page 16 of 25**
**Kristie Weber, et al. v. Fowler Foods, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM**
**First Amended and Substituted Complaint—Class and Collective Action**

## VII.

## SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

92.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

93.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

94.    At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

95.    Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

96.    During the period relevant to this lawsuit, Defendants classified Plaintiff as non-exempt from the overtime requirements of the AMWA.

97.    During the period relevant to this lawsuit, Defendants also misclassified Plaintiff as exempt from the overtime requirements of the AMWA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

98.    Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

Page 17 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

99.    Defendants' failure to properly pay overtime wages to Plaintiff stems from Defendants' acts of: 1) requiring off-the-clock work by Plaintiff in excess of forty (40) hours per week; and 2) classifying Plaintiff as a salaried employee, exempt from the overtime requirements of the AMWA.

100.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

101.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## VIII.

## **THIRD CAUSE OF ACTION**

### **(Collective Action Claim for Violation of the FLSA)**

102.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

103.    Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

104.    At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

Page 18 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

105.    Defendants misclassified Plaintiff and all similarly situated members of the salaried FLSA class as exempt from the overtime requirements of the FLSA, when in fact they were non-exempt employees entitled to overtime pay.

106.    Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

107.    Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed Salaried FLSA class is properly defined as follows:

**All salaried Assistant Managers, or equivalent titles, employed by Defendants within the past three years.**

108.    During the period relevant to this lawsuit, Defendants also classified Plaintiff and all similarly situated members of the hourly FLSA class as non-exempt from the overtime requirements of the FLSA.

109.    Despite the entitlement of Plaintiffs and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

110.    Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed Hourly FLSA class is properly defined as follows:

Page 19 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

**All hourly workers employed by Defendants
in restaurants within the past three years.**

111.    Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

112.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

113.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.

## FOURTH CAUSE OF ACTION

### (Class Action Claim for Violation of the AMWA)

114.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

115.    Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

116.    At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

Page 20 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

117.    Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

118.    Defendants misclassified Plaintiff and all similarly situated members of the salaried AMWA class as exempt from the overtime requirements of the AMWA, when in fact they were non-exempt employees entitled to overtime pay.

119.    Despite the entitlement of Plaintiff and members of the proposed class to minimum wage and overtime payments under the AMWA, Defendants failed to pay Plaintiff and members of the proposed class an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

120.    Plaintiff proposes to represent the salaried AMWA class of individuals defined as follows:

**All salaried Assistant Managers, or equivalent titles,
in Arkansas within the past three years.**

121.    During the period relevant to this lawsuit, Defendants also classified Plaintiff and all similarly situated members of the hourly AMWA class as non-exempt from the overtime requirements of the AMWA.

122.    Despite the entitlement of Plaintiffs and those similarly situated to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiffs and all those similarly situated an overtime rate of one and one-half

Page 21 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

times their regular rates of pay for all hours worked over forty (40) in each one-week period.

123.    Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed Hourly AMWA class is properly defined as follows:

**All hourly workers employed by Defendants
in restaurants in Arkansas within the past three years.**

124.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

125.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

126.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Kristie Weber, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.    That each Defendant be summoned to appear and answer this Complaint;

Page 22 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

B.      That each Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

C.      For orders regarding certification of and notice to the proposed collective action members;

D.      A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

E.      A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

F.      Judgment for damages for all unpaid overtime compensation owed to Plaintiff and the proposed class members under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

G.      Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

H.      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and the proposed class members during the applicable statutory period;

Page 23 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

I.     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

J.     For a reasonable attorneys' fee, costs, and pre-judgment interest; and

K.     Such other and further relief as this Court may deem necessary, just and proper.

<div style="margin-left: 50%;">

Respectfully submitted,

**KRISTIE WEBER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

</div>

Page 24 of 25
Kristie Weber, et al. v. Fowler Foods, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM
First Amended and Substituted Complaint—Class and Collective Action

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing COMPLAINT was filed via the CM/ECF system, which will provide notice to the attorney named below:

Justin Joy, Esq.
Cheryl Rumage Estes, Esq.
LEWIS THOMASON
40 South Main Street, Suite 2900
Memphis, Tennessee 38103
Telephone: (901) 525-8721
Facsimile: (901) 525-6722

_____
**Josh Sanford**

**Page 25 of 25**
**Kristie Weber, et al. v. Fowler Foods, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:18-cv-150-JM**
**First Amended and Substituted Complaint—Class and Collective Action**