# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

KRISTIE WEBER                                                              PLAINTIFF

V.                              3:18CV00150 JM

FOWLER FOODS, INC., et al                                      DEFENDANTS

## ORDER

On August 13, 2018, Plaintiff Kristie Weber filed a Class and Collective Action Complaint against Fowler Foods, Inc., Wallace W. Fowler, and Chris Fowler. One month later, Weber filed an Amended Class and Collective Action Complaint against Fowler Foods, Inc., Chris Fowler, and Southwest Arkansas Foods, Inc. The Amended Complaint alleges that Weber was employed by the Defendants as an hourly-paid employee at one or more of Defendants' franchised restaurants at all times relevant to this action. The Amended Complaint further alleges that Defendant Fowler Foods, Inc. was Weber's "employer," as the term is defined under the FLSA and AMWA and that Defendant Chris Fowler, as President of Fowler Foods, Inc., acted as a joint employer of Weber.

On September 28, 2018, the Fowler Defendants filed a motion to dismiss the Amended Complaint against them. They claim that they were not Weber's employer at any time and, therefore, are not liable under the FLSA or AMWA. In the alternative, the Fowler Defendants asked the Court to grant summary judgment to them based upon the fact that Weber cannot prove a material element of her case.

After review of the motion, response, and reply, the Court found that the motion should

be converted to a motion for summary judgment under Federal Rule of Civil Procedure 12(d). The parties did not object. The Fowler Defendants submitted a Statements of Undisputed Facts and Weber filed a response.

## Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, [to] point out to the District Court, that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that

2

burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

The FLSA's overtime requirements apply to employers and employees, 29 U.S.C. § 207(a)(1), and therefore, to be applicable, require the existence of an employer-employee relationship. The FLSA provides little guidance concerning the limits of the employer-employee relationship. *Buck v. Lindsey Mgmt. Co.,* 2014 WL 3446779, at *2 (E.D. Ark. July 15, 2014) (citing *Marshall v. Truman Arnold Distrib. Co.*, 640 F.2d 906, 908 (8th Cir. 1981) (citing 29 U.S.C. § 203(d), (e)(1), and (g) (defining "employer", "employee", and "employ")). "In determining whether an entity functions as an individual's employer, courts generally look to the economic reality of the arrangement." *Id.* (quoting *Blair v. Wills*, 420 F.3d 823, 829 (8th Cir. 2005)). The economic reality test looks to the totality of the circumstances, not to any one factor. *Id.* (citing *Le v. Regency Corp.*, 957 F.Supp.2d 1079, 1089–90 (D. Minn.2013)). When a plaintiff alleges multiple companies are joint employers, courts consider whether the alleged defendant-employer (1) possessed the power to hire and fire the plaintiff; (2) supervised or controlled plaintiffs' work schedules or conditions of employment; (3) determined the rate or method of payment; and (4) maintained employee records. *Roslov v. DirecTV Inc.*, 218 F. Supp. 3d 965, 972 (E.D. Ark. 2016).

In the Statement of Undisputed Facts, the Fowler Defendants contend that they were not Weber's employer. In support of the argument, the Fowler Defendants cite the Affidavit of Chris

Fowler. In the affidavit, Fowler states that he is the President of Fowler Foods and is familiar with the books, accounts and records of Fowler Foods. (ECF No. 7-2). He states that neither he nor Fowler Foods, Inc. have ever employed Kristie Weber. *Id.*

As evidence that she was employed by the Fowler Defendants, Weber also filed an affidavit. (ECF No. 14-1). In her affidavit, Weber cites various examples of the control Fowler Foods and Chris Fowler had over her employment a KFC/Taco Bell restaurant in Mena, Arkansas. She provides memos and forms with Fowler Foods letterhead. Based upon this evidence, the Court finds there is a question of fact regarding the relationship between Weber and the Fowler Defendants. Although the employer-employee relationship is a question of law, the legal determination is, in part, based upon the facts.

For this reason, the Motion for Summary Judgment (ECF No. 12) is DENIED.

IT IS SO ORDERED this 7th day of January 2019.

James M. Moody Jr.
United States District Judge