IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KRISTIE WEBER, individually and on
behalf of others similarly situated,

    Plaintiff,

v.

FOWLER FOODS, INC.,
SOUTHWEST ARKANSAS FOODS,
INC., and CHRIS FOWLER,

    Defendants.

Civil Action No. 3:18-cv-150-JM

JUDGE JAMES M. MOODY, JR.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
## FOR CONDITIONAL CERTIFICATION, FOR APPROVAL AND DISTRIBUTION
## OF NOTICE AND FOR DISCLOSURE OF CONTACT INFORMATION

Defendants, Fowler Foods, Inc., Southwest Arkansas Foods, Inc., and Chris Fowler ("Defendants"), by and through counsel of record, submit this Response to Plaintiff's Motion for Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information, and state as follows:

Plaintiff argues that expedited review of her Motion for Conditional Certification is required. (Brief in Support of Plaintiff's Motion for Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information, D.E. 28, at 23.) However, Plaintiff's legal support for this proposition is insufficient. Plaintiff cites to an order entered in an unpublished case, including a parenthetical quotation that merely indicates that the cited case "needs to be expedited." The citation stands only for the proposition that the cited case was ordered to be expedited, not a plaintiff is entitled to expedition of certification in all collective actions, as Plaintiff asserts. Plaintiff further quotes language from case law that explains that

sending notice to potential class members early in a case promotes efficient case management. While Defendants do not disagree with this proposition of law, they note that Plaintiff's own delay has prevented notice to the potential class members early in the litigation. The Class and Collective Action Complaint was filed on August 13, 2018. An Amended and Substituted Complaint was filed on September 14, 2018. Shortly thereafter, Defendants filed a Motion for Summary Judgment, which was denied by this Court on January 7, 2019. Six months after the filing of the original Complaint, and greater than five weeks after the denial of Defendants' Motion for Summary Judgment, on February 13, 2019, Plaintiff filed her Motion, requesting expedited review and a seven-day period for Defendants to provide the requested information. Instead of zealously prosecuting this matter in order to safeguard the rights of potential plaintiffs, Plaintiff allowed this case to lay dormant for an extended period of time. The risk of prejudice to potential plaintiffs is a result of Plaintiff's own untimeliness, which should not be rewarded with the expedited relief sought.

Plaintiff additionally requests that Defendants be permitted only seven days to produce the "names, last known addresses, e-mail addresses, phone numbers and dates of employment of the collective Members in a .xls format." (D.E. 28, at 24.) Defendants would be unduly burdened by such a short duration. Defendants are doubtful that they could mine the employee files, identify the information requested, and produce this information with a seven-day period. Further, as explained in the previous paragraph, Plaintiff seeks expedited responses, despite a lengthy period of inactivity on her part. If Plaintiff required this information to protect the rights of potential plaintiffs, Plaintiff should have requested the same sooner than six months after the filing of the original Complaint and five weeks after this Court's denial of Defendants' Motion for Summary Judgment. Defendants request that this Court permit them a reasonable duration

following the entry of an order to make such a disclosure. Defendants are agreeable to a duration of at least twenty-one days in which to produce the requested information.

Furthermore, Plaintiff requests information from Defendants that is not in Defendants' possession or control. Specifically, Defendants do not have knowledge of such employees' e-mail addresses and cell phone numbers, as this information was not documented in employee files. Defendants are agreeable to producing the information that they possess regarding such employees, other than Social Security Numbers, which Plaintiff did not request and which is sensitive information that should be safeguarded. Likewise, Defendants are agreeable to Plaintiff's request to contact potential plaintiff's via text messaging and e-mail, but simply do not possess the information to effectuate this.

Plaintiff requests that Defendants produce the requested information "in a manipulatable electronic format," such as Microsoft Excel. Plaintiff, in support, states: "Any other manner of providing the contact information will only result in unnecessary delay and expense." (D.E. 28, at 22–23.) Plaintiff fails to appreciate that the requested information is not currently stored in an electronically manipulatable format. While disclosure of this information in the format requested would certainly save Plaintiff time and expense, it would unduly burden Defendants with a timely and expensive data transcription. It would not reduce the cost of the litigation, but merely allow Plaintiff to shift those costs to Defendants. Defendants are agreeable to producing the requested information in their possession, but object to Plaintiff's requested format.

Defendants request that the Court's Order regarding conditional certification delineate between the two proposed classes. Plaintiffs seek certification of two classes: an hourly class and a salaried class. The two classes will have no commonality of issues, as they will pursue different claims for relief under the FLSA. The hourly class plaintiffs will seek to establish that

they worked unpaid hours, while the salaried class of plaintiffs will seek to prove that they were improperly classified as salaried employees. As such, the proposed classes will be seeking different information during the discovery phase. Due to these fundamental differences between the two proposed classes, Defendants submit that it is not necessary for the Court to grant the same timeline for conditional certification of each class.

Finally, Defendants request that Plaintiff's proposed Notice, Consent to Join, and other communications to potential plaintiffs apprise those individuals of their exposure for costs related to this litigation. In an FLSA action, a prevailing defendant may be entitled to recover certain costs associated with the litigation. Garrison v. ConAgra Foods Packaged Foods, LLC, 833 F.3d 881, 887 (8th Cir. 2016); Lochridge v. Lindsey Mgmt. Co., 824 F.3d 780, 782–83 (8th Cir. 2016). The omission of this information in communications to potential plaintiffs hinders those individuals' ability to make an informed decision regarding joining the proposed class. See Lochridge, 824 F.3d at 782–83 ("Indeed, the very possibility that a losing party will be required to reimburse the prevailing party for its costs should cause parties to litigation to pause and calculate the risks of pursuing meritless or marginal claims."). As such, this Court should require Plaintiff to include such information in communications to potential plaintiffs.

Respectfully submitted,

LEWIS THOMASON


By: /s/ Cheryl Rumage Estes
Cheryl Rumage Estes (admitted pro hac vice)
   (TN BPR #10099)
   cestes@lewisthomason.com
Justin N. Joy (AR BIN 2005288)
   jjoy@lewisthomason.com
William C. Podesta (TN BPR #36303)
   wpodesta@lewisthomason.com
40 S. Main Street, Suite 2900
Memphis, TN 38103
Tel:   (901) 525-8721
Fax:   (901) 525-6722

*Attorneys for Defendants*


**CERTIFICATE OF SERVICE**


I hereby certify that a copy of the above and foregoing has been served upon the following listed persons, via ECF, on February 19, 2019:

**SANFORD LAW FIRM, PLLC**
Steve Rauls   (2011170)
Josh Sanford   (2001037)
650 South Shackleford, Suite 411
Little Rock, AR 72211
Tel:   [501] 221-0088
Fax:   [888] 787-2040
steve@sanfordlawfirm.com
josh@sanfordlawfirm.com

*Attorneys for Plaintiff*


                /s/ Cheryl Rumage Estes
                Cheryl Rumage Estes