IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**KRISTIE WEBER, individually and
on behalf of others similarly situated**                                                       **PLAINTIFF**

V.                                       3:18CV00150 JM

**FOWLER FOODS INC., CHRIS FOWLER, and
SOUTHWEST ARKANSAS FOODS INC.**                                          **DEFENDANTS**

### ORDER

Pending is Plaintiff's Motion for Conditional Certification, For Disclosure of Contact Information and to Send Notices. (ECF No. 27). The Defendant has responded. For the reasons set forth below, the Motion is granted in part and denied in part.

Plaintiff Kristie Weber brings this lawsuit on behalf of all former and current hourly-paid employees and salaried Assistant Managers of Defendants who Plaintiff alleges were denied a lawful minimum wage and overtime compensation for hours worked in excess of forty (40) hours per week as required under the FLSA and AMWA. Plaintiff seeks conditional certification of the collective action, disclosure of contact information for putative class members, and leave to send a notice to all others similarly situated giving them the option to opt in to the case.

**I.      Certification**

In determining whether this case is appropriate for a court-authorized opt-in notice, the Plaintiff must establish that she is "similarly situated" to putative class members for purposes of § 216(b). This Court has adopted a two-step approach to determine whether plaintiffs are "similarly situated."

The first determination is made at the so-called "notice stage." At the notice stage, the

> district court makes a decision,- usually based only on the pleadings and any affidavits which have been submitted– whether notice of the action should be given to potential class members.
>
> Because the Court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The actions proceed as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives–i.e., the original plaintiffs– proceed to trial on their individual claims.

*Collins v. Barney's Barn, Inc.,* No. 4:12CV00685 SWW, 2013 WL 1668984, *2 (E.D. Ark. April, 17, 2013) (quoting *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995)).

In order to be similarly situated for purposes of § 216(b), the Court may consider several factors including: 1) whether plaintiffs hold the same job title; 2) whether they worked in the same geographic location; 3) whether the alleged violations occurred during the same period; 4) whether plaintiffs were subjected to the same policies and practices; and 5) the extent to which the acts constituting the alleged violations are similar. *Smith v. Frac Tech Servs.,* No. 4:09CV00679 JLH, 2009 WL 4251017 (E.D. Ark. Nov. 24, 2009).

Plaintiff requests that the Court certify the following class pursuant to 29 U.S.C. § 216(b):

> All Fowler Foods and/or Southwest Arkansas Foods hourly-paid
> employees and/or Assistant Managers at any time since August 13, 2015.

Plaintiff claims that she and all putative class members performed the same or similar job duties which inevitably required more than forty (40) hours of work per week. Plaintiff claims that as an hourly-paid employee she, and the other hourly-paid members of the putative class, were required to clock out once the store was closed to customers, but they were not allowed to leave the store until it had been fully cleaned and prepared for the next shift. As a result, Defendants avoided paying for overtime wages by directing its hourly employees to only report up to 40 hours per week on their time sheets. Plaintiff claims that the salaried employees were misclassified as exempt employees in order to avoid paying them for overtime hours. She states that as an Assistant Manager she, and other salaried Assistant Manager members of the putative class, had substantially the same duties as the hourly-paid employees and did not have the authority to hire and fire other employees.

After carefully considering these factors, the Court finds that the Plaintiff has provided enough information to establish that she is similarly situated to the putative class members at this stage of the litigation. Accordingly, the Court finds that conditional certification is proper under the FLSA for purposes of notice and discovery, and accordingly, certifies the class requested by the Plaintiff.

II.     **Notice and Disclosure of Contact Information for Potential Opt-In Plaintiffs**

The form of notice proposed by the Plaintiff is appropriate and is hereby approved.

The Court orders the Defendants to provide to Plaintiff's counsel the names and addresses of all persons who were employed by them as hourly-paid employees and/or salaried Assistant Managers during the specified time within twenty-one (21) days from the entry of this Order. The Defendants are not ordered to provide the information in electronic format because the Defendants do not currently have the information in electronic format.

The Court hereby authorizes a sixty-day opt-in period from the date the notice is mailed. The lawyers for the Plaintiff are authorized to issue the notice and consent forms by mail. They are also authorized to send a reminder postcard thirty days after the initial notice is mailed. Plaintiff's request to provide notice via electronic mailing or text message is denied.

### III.     Trial

The Court will sever the class of hourly-paid employees and salaried Assistant Managers for trial. Notice and discovery will proceed as one class as plead by the Plaintiff.

### IV.     Conclusion

For these reasons and to the extent stated, Plaintiff's Motion for Conditional Certification, For Disclosure of Contact Information and to Send Notices (ECF No. 27) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 14th day of March, 2019.

_____
James M. Moody Jr.