# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

KRISTIE WEBER                                                  PLAINTIFF

V.                               3:18CV00150 JM

FOWLER FOODS, INC., et al                              DEFENDANTS

## ORDER

Defendant have filed a motion for summary judgment of all Plaintiff's FLSA and AMWA claims. Defendants contend that Plaintiff has failed to establish (1) that the Defendants had actual or constructive knowledge of Plaintiff's alleged uncompensated work time as an hourly employee; (2) that Plaintiff was exempt from overtime pay while she was an Assistant Manager because she was employed in a bona fide executive, administrative or professional capacity; and (3) that Plaintiff is unable to meet her burden of proof as to her AMWA class claim. In response, Plaintiff states that she has not requested certification of the AMWA class claims and she concedes that the conditionally certified Section 216 class should be decertified. As for her FLSA claims, Plaintiff contends that she has raised issues of material fact from which a reasonable jury could determine that the Defendants knew she was working hours in excess of those she reported, and she contends that the Defendants have failed to produce actual evidence for each prong of the executive exemption analysis.

I.       Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, [to] point out to the District Court, that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent s burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

II.     Analysis

"An employee can prevail on a FLSA overtime compensation claim if he can show that he worked hours for which he was not paid, and the employer knew or should have known that he was working overtime." *Blevins v. City of Plainview*, 2013 WL 12136539, at *4 (E.D.Ark. Sept.

16, 2013) (citing *Hertz v. Woodbury Cnty., Iowa*, 566 F.3d 775, 781 (8th Cir. 2009)). Whether an employer had actual or constructive knowledge that its employee was working uncompensated overtime is a jury question. *Id.*

Defendants had a practice of requiring employees to estimate their clock-out time for closing shifts and, if there was any discrepancy in the estimate, the employee was required to take some action to fix it later. Plaintiff testified that she often misestimated the time it would take her to finish her closing duties and there was no specific procedure in place to correct her time. Further, Plaintiff stated that, on multiple occasions, she requested a correction of her time and Defendants failed to correct her paycheck. Based upon the evidence in the record, the Court finds that there is a question of fact as to whether the Defendants had knowledge or should have had knowledge that Plaintiff was working hours for which she was not compensated. Defendants' motion for summary judgment is denied on Plaintiff's FLSA overtime claim.

Defendants contend that Plaintiff was exempt from overtime pay while she was working as an Assistant Manager because she was in a position of management. Minimum wage and overtime requirements do not apply to "any employee employed in a bona fide executive, administrative, or professional capacity . . . except that an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities." 29 U.S.C.A. § 213 (a)(1). Generally, "the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." *Hertz,* 566 F.3d at 783 (quoting *Corning Glass Works v.*

*Brennan*, 417 U.S. 188, 196-97, (1974)). "Disputes regarding the nature of an employee's duties are questions of fact, but the ultimate question whether an employee is exempt under the FLSA is an issue of law." *Jarrett v. ERC Properties, Inc.*, 211 F.3d 1078, 1081 (8th Cir. 2000) (citing *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986)).

Under Department of Labor regulation, 29 C.F.R. § 541.100(a), the term 'employee employed in a bona fide executive capacity' means any employee:

> (1) Compensated on a salary basis at a rate of not less than $455 per week (or $380 per week, if employed in American Samoa by employers other than the Federal Government), exclusive of board, lodging or other facilities;
> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
> (3) Who customarily and regularly directs the work of two or more other employees; and
> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100. It is undisputed that Plaintiff was paid a salary of not less than $455 per week. However, Defendants have failed to present sufficient evidence to demonstrate that they are entitled to summary judgment on the remaining elements.

For these reasons, Defendants' Motion for Summary Judgment (ECF No. 61) is DENIED. Plaintiff has conceded that her conditionally certified class should be decertified. Therefore, Defendants' Motion to Decertify (ECF No. 62/63) is GRANTED.

IT IS SO ORDERED this 16th day of July, 2019.

James M. Moody Jr.
United States District Judge